HUGH ROARKE v. JOHN W. BUCKLEY, POLICE JUSTICE.

Submitted March 19, 1914—Decided June 2, 1914.

The act of 1895 (*Pamph. L., p.* 764), as amended in 1898 (*Pamph. L., p.* 534; *Comp. Stat., p.* 408, *pl.* 16), permits a review by *certiorari* of a conviction before a police magistrate in a city for violation of a city ordinance and supersedes section 21 of the act of 1883 as construed in *Rahway* v. *Hunt*, 74 *N. J. L.* 116.

On *certiorari.*

Before Justices SWAYZE and BERGEN.

For the prosecutor, *John A. Bernhard.*

For the defendant, *Francis V. Dobbins.*

The opinion of the court was delivered by

SWAYZE, J. The police magistrate rendered a judgment requiring the prosecutor to pay a fine of $5 for violation of a city ordinance or stand committed for ten days. The ordinance authorized only a fine not exceeding $10. No attempt is made to sustain the judgment, which is clearly bad. The defendants urge only that the prosecutor's remedy was not by *certiorari* but by appeal to the Court of Common Pleas, and rely upon the decision of this court in *Rahway* v. *Hunt*, 74 *N. J. L.* 116. The decision in that case would be conclusive upon us but for the fact that the court overlooked a statute. We there construed section 21 of the act of 1883. *Comp. Stat., p.* 3979, *pl.* 26. Our attention was not called to the act of 1895 (*Pamph. L., p.* 764), as amended in 1898 (*Pamph. L., p.* 534), and now printed in the compiled statutes under the head of *certiorari. Comp. Stat., p.* 408, *pl.* 16. It escaped the attention of the learned and accurate judge who wrote the opinion evidently because he was dealing with an act relating to police courts, and was unlikely to look

in the general statutes under the head of *certiorari* for a change in the law. The act of 1895 has been sustained by the Court of Errors and Appeals. *Stokes* v. *Schlacter,* 66 *N. J. L.* 247 (at *p.* 250). Our attention has not been called to any later statute and our own researches have discovered none; but Rahway *v.* Hunt admonishes us of the impossibility of being sure that the research has been exhaustive in the chaotic state of our statute law as to municipalities. There are later statutes which may possibly apply, if they have ever been adopted by Rahway. Whether they have been adopted or not, we have no means of knowing in the absence of proof by witnesses to that effect. As the case stands before us, the judgment must be reversed. The fact that the fine had been paid to avoid imprisonment is immaterial.